**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       Plaintiff,　　　　　　　　　Criminal No: 19-cr-20025
　　　　　　　　　　　　　　　　　　　　　Hon. Gershwin A. Drain

**vs.**

**ASWANTH NUNE,**

       Defendant.

---

**DEFENDANT'S SENTENCING MEMORANDUM**
**AND REQUEST FOR A VARIANCE**

**I.　　INTRODUCTION**

Defendant, ASWANTH NUNE, (hereinafter "Mr. Nune") submits this Sentencing Memorandum and Request for a Variance. Mr. Nune respectfully requests that this Honorable Court consider the facts and arguments set forth herein and impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Specifically, Mr. Nune respectfully requests a sentence of time served so that the removal process can begin immediately.

**II.　　THE GUIDELINE RANGE**

Mr. Nune pleaded guilty to Count 1 — Conspiracy to Commit Visa Fraud and Harboring Aliens for Profit; 18 U.S.C. § 371, without a Rule 11 Plea

1

Agreement. Mr. Nune's guideline range is 15-21 months. The parties and Probation agree that this is Mr. Nune's guideline range.

### III. CREDIT FOR TIME SERVED

Mr. Nune has been in federal custody since January 29, 2019. His sentencing is scheduled for August 29, 2019. Accordingly, Mr. Nune has been in custody for a total of 212 days. This equates to 7 months. Mr. Nune respectfully requests that the Court include this period as credit for the time served in the Judgment.

18 U.S.C. § 3585, states in pertinent part:

> Calculation of a term of imprisonment
>
> (a) Commencement of sentence. - - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Mr. Nune submits that he should receive credit for time served under this statute because he spent time served in official federal detention from January 29, 2019 to August 29, 2019.

### IV. <u>SENTENCING FACTORS PURSUANT TO 18 U.S.C. § 3553(a)</u>

This Honorable Court is obviously well versed in the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220; 125 S. Ct. 757 (2005), which made the "guidelines effectively advisory," and "requires a sentencing court to tailor the sentence in light of other statutory concerns…see § 3553(a) (Supp. 2004)". After *Booker*, the Guidelines are to be "respectfully considered", but no one factor is to be given more or less weight than any other § 3553(a) factor to be taken into account in arriving at an appropriate sentence. *Kimbrough v. U.S.,* 128 S. Ct. 553 (2007); *Gall v. U.S.,* 128 S. Ct. 586 (2007); *Rita v. U.S.,* 127 S. Ct. 2456 (2007).

Previously disapproved or disfavored departure factors such as physical condition (U.S.S.G. § 5H1.4) employment record (U.S.S.G. § 5H1.5); family ties and responsibilities (U.S.S.G. § 5H1.6); socio-economic status (U.S.S.G. § 5H1.10); and substance abuse (U.S.S.G. § 5H1.4) may now be considered. Post *Booker,* there is no limitation on the information concerning the background, character and conduct of a defendant which a court may receive and consider for the purposes of imposing an appropriate sentence. 18 U.S.C. § 3661.

The United States Code is quite explicit about the role of 18 U.S.C. § 3553(a) in sentencing determinations.  18 U.S.C. § 3582 specifically states:

> The court, in determining whether to impose a term of imprisonment and, if a term of imprisonment is to be imposed in determining the length of this term, <u>shall</u> <u>consider</u> the factors set forth in section 3553(a) to the extent they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.
> (Emphasis added).

The district court can also make independent assessments to justify an individualized sentence determination. In *Rita v. United* States, 127 S. Ct. 2456, 2458 (2007), the Supreme Court held that the district courts can conclude that the guideline sentence fails to reflect 18 U.S.C. §3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate "regardless."

> <u>Booker</u> breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them. If there is a pattern that emerges from *Rita, Gall* and *Kimbrough*, it is that the district court judges were vindicated in all three cases, and a court of appeals was affirmed just once and that of course was when it deferred to the on-the-scene judgment of the district court. *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (en banc), *cert. denied*, 129 S. Ct. 67 (2008).

Variances are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the Guidelines themselves. Many courts have held that district judges need not shrink

from utilizing variances when the opportunity presents itself and when the circumstances require such action to bring about a fair and reasonable sentence. Sentencing is a difficult art and it is easy to make it mechanical. However, what it should be is an act of reason by the Judge looking at a particular person and the circumstances of the crime this person has committed and then making a judgment. *United States v. Dominquez*, 296 F.3d 192, 196 n.7 (3rd Cir. 2002) ("The Guidelines do not require a judge to leave compassion and common sense at the door to a courtroom"."); *United States v. Meyers*, 353 F. Supp. 2d 1026, 2017 (S.D. Iowa 2005) ("[i]f the 600-plus pages of the most recent set of sentencing guidelines have taught us anything, it is that punishment cannot be reduced to an algorithm."); *United States v. Biheiri*, 356 F. Supp. 2d 589 (E.D. Va. 2005) ("fashioning a just sentence cannot be reduced to a mere arithmetical exercise and that reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produce an illusory precision that obscures the fact <u>that sentencing in the end, must involve the exercise of judgment</u>".) (Emphases added)

Mr. Nune respectfully requests that the Court consider the following 3553(a) factors.

### A. NATURE AND CIRCUMSTANCE OF THE OFFENSE PURSUANT TO 18 U.S.C. § 3553(a)(1)

Mr. Nune does not take issue with the circumstances of the offense and his conduct. Mr. Nune understands that his actions are not acceptable and that his

behavior has affected his family and loved ones. Mr. Nune further understands and acknowledges that his conduct was in violation of the immigration laws. Mr. Nune is remorseful for his actions. He makes no excuses and is prepared to accept the sentence of the Court. Mr. Nune also understands that he will be deported and that he desires to have the removal process commence immediately.

**B. HISTORY AND CHARACTERISTICS OF THE DEFENDANT PURSUANT TO 18 U.S.C. § 3553(a)(1)**

In determining an appropriate sentence, this Honorable Court must consider not only the nature and circumstances of the offense, but also the history and characteristics of Mr. Nune. 18 U.S.C. § 3553(a)(1) codifies the fundamental principle that the Court is to sentence a human being and not merely his misdeeds.

Part C, Offender Characteristics, paragraphs 40 through 52 of the PSIR, are an accurate recitation of Mr. Nune's personal and family data, his physical condition, his mental and emotional health, his substance abuse, his education, employment history and financial condition.

**C. THE NEED FOR THE SENTENCE IMPOSED PURSUANT TO 18 U.S.C. § 3553(a)(2)(A)-(D)**

Mr. Nune understands and takes no issue that there are consequences for bad choices. He fully understands that the Court must impose a sentence that reflects the seriousness of his offense and to promote respect for the law. Mr. Nune has

taken responsibility for his actions. The sentence this Court will issue will certainly achieve the objectives of this sentencing factor.

Moreover, Mr. Nune agrees to the entry of a Stipulated Judicial Order of Removal Pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1227. Mr. Nune further acknowledges that he is a native and citizen of India and that he is removable from the United States pursuant to Title 8, United States Code, Section 1227(a)(1)(C)(i) and, upon conviction, Title 8 United States Code, Sections 1227(a)(2)(A)(iii); 1101(a)(43)(P) and 1101(a)(43)(U).

After consultation with counsel and understanding the legal consequences of doing so, Mr. Nune knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge a stipulated removal order. Mr. Nune understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA") on the question of Mr. Nune's removability from the United States. Mr. Nune further understands the rights he would possess in a contested administrative proceeding and waives these rights, including his right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the Government.

Mr. Nune hereby requests that an order be issued by this Court for his removal to India. Mr. Nune agrees to accept a written order of removal as a final disposition of any immigration proceedings and waives any and all rights to challenge his removal.

Mr. Nune agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6.

Mr. Nune agrees to assist ICE in the execution of his removal. Specifically, Mr. Nune agrees to assist ICE in the procurement of any travel or other documents necessary for his removal; to meet with and to cooperate with representatives of the country of India to which his removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite his removal.

## 1. **Seriousness of the Offense, Respect for Law and Just Punishment**

Section 3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." A sentence that is excessive in light of the seriousness of the offense promotes disrespect for law and provides unjust punishment. In August of 2003, Justice Anthony Kennedy gave a speech at the ABA Annual Meeting in San Francisco where he stated:

> Our resources are misspent, our punishments too severe; our sentences too long . . . the sentencing guidelines are responsible in part for the increased terms. . . [and they] should be revised downward.

On February 14, 2007, Justice Kennedy again addressed this issue when he testified before the Senate judiciary Committee and stated:

> Our sentences are too long, our sentences are too severe; our sentences too harsh . . . there is no compassion in the system. There's no mercy in the system.

In *United States v. Bannister*, 786 F. Supp. 2d 617 (E.D.N.Y. 2011), the Court addressed the length of the prison sentences in the United States:

> The increased prison population is due in large part to longer sentences. For the same crimes, American prisoners receive sentences twice as long as English prisoners, three times as long as Canadian prisoners, four times as long as Swedish prisoners. Yet these countries' rates of violent crime are lower than ours, and their rates of property crime are comparable.

### 2. <u>Deterrence to Criminal Conduct</u>

Section 3553(a)(2)(B) requires the Court to consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." There is no evidence that increases in sentence length reduces crime through deterrence. "Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion as has every major survey of the evidence." Michael Ronry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006).

### 3. Protection of the Public From Further Crimes of the Defendant

Section 3553(a)(2)(C) requires the Court to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." This purpose has to do with both the defendant's risk of recidivism and the danger posed by the defendant, if any. It "is particularly important for those offenders whose criminal histories show repeated serious violations of the law." S. Rep. No. 98-225 at 76 (1983). It is not so important for first offenders, for those with limited criminal histories, for those who have little risk of recidivism, or for those who have a strong potential for rehabilitation.

This notwithstanding, Mr. Nune agrees and requests that the removal process commence immediately as he is prepared to waive all of his rights so that the removal process can begin as quickly as possible.

### D. THE KINDS OF SENTENCES AVAILNUNE PURSUANT TO 18 U.S.C. § 3553(a)(3)

In fashioning a sentence that fits the crime, courts should not "leave compassion and common sense at the door to the courtroom." *United States v. Johnson*, 964 F.2d 124, 125 (2nd Cir. 1992). This Honorable Court has the unfettered discretion to impose a sentence substantially below the guideline range. Mr. Nune respectfully requests that the Court consider his acceptance of responsibility for his actions and the Offender Characteristics set forth in Section C

of the PSIR, as well as his desire to have the removal process begin as soon as possible.

> **E. THE SENTENCING RANGE SUGGESTED BY THE SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3553(a)(4)**

The guideline ranges should be given minimal weight in this Court's § 3553(a) analysis. *See, United States v. Aldelson*, 441 F.Supp.2d 506, 514 (S.D.N.Y. 2006) (citing Kate Stith & Jose A. Cabranes, *Fear of Judging: Sentencing Guidelines in the Federal Courts* (1998). It is well accepted that the guidelines are only one of the many § 3553 factors the Court may consider in fashioning a sentence.

> **F. ANY PERTINENT POLICY STATEMENT FROM THE SENTENCING COMMISSION PURSUANT TO 18 U.S.C. § 3553(a)(5)**

This factor is not applicable.

> **G. THE NEED TO AVOID UNWANTED SENTENCING DISPARITIES PURSUANT TO 18 U.S.C. § 3553(a)(6)**

This factor is not applicable.

> **H. THE NEED TO PROVIDE RESTITUTION PURSUANT TO 18 U.S.C. § 3553(a)(7)**

This factor is not applicable.

## V. <u>CONCLUSION</u>

For all the reasons set forth above, Mr. Nune respectfully requests a sentence that is "sufficient but not greater than necessary" to comply with all the sentencing factors. Specifically, Mr. Nune respectfully requests a sentence of credit for time served so that the removal process can begin immediately.

Respectfully submitted,

*/s/ Michael A. Rataj*
MICHAEL A. RATAJ (P43004)
Attorney for Aswanth Nune
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529

Dated: August 19, 2019

## **CERTIFICATE OF SERVICE**

Michael A. Rataj hereby states that on August 19, 2019, I electronically filed *Defendant's Sentencing Memorandum and Request for a Variance and Certificate of Service* with the Clerk of the Court using the ECF system to Assistant United States Attorney Timothy P. McDonald with a hard copy forwarded via electronic mail to Probation Officer Tracey Bylin.

                                               */s/ Michael A. Rataj*
                                             MICHAEL A. RATAJ